UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE FARM AUTOMOBILE INSURANCE COMPANY, ) ) | CASE NO. 5:07cv3889 |
| ) | JUDGE JOHN R. ADAMS |
| Plaintiff, ) ) | |
| vs. ) ) | |
| ) ) | **MEMORANDUM OF** |
| MICHAEL PIFER, et al. ) ) | **OPINION AND ORDER** |
| Defendant. ) | |

This matter is before the Court following a case management conference at which the Court, on its own motion, ordered the parties to brief the issue of whether this Court, in its discretion, should exercise jurisdiction over State Farm Automobile Insurance Company's (State Farm's) request for declaratory judgment given that the underlying action had pended in state court before being dismissed without prejudice. Both parties timely submitted briefs to the Court. For the reasons set forth herein, the Court declines to exercise jurisdiction and DISMISSES the Complaint in its entirety.

I.  **Factual Background**

Jill and Kevin Dasen ("the Dasens") filed the state action ("State Action"), Case No. CV 2007-06-4368, on behalf of their two minor children ("the Dasen children") against Michael Pifer ("Pifer") and others in the Summit County Court of Common Pleas. The claim as against Pifer was negligent supervision, which allegedly occurred repeatedly from November 2006 to March 2007 while Pifer was driving a school transportation bus on which the Dasen children were passengers. The complaint alleged that while Pifer was driving, another minor passenger who was older than the Dasen children repeatedly sexually abused them. The Dasen children

1

claimed that as a result, they suffered damages including, but not limited to, severe and debilitating emotional distress.  The Dasens also raised a loss of consortium claim.

State Farm is Pifer's insurance carrier that provided coverage for the school bus.  Pifer alleged that State Farm had a duty to defend and indemnify him in the underlying State Action.  State Farm subsequently filed the instant declaratory judgment action in this Court on December 27, 2007, in which it named as defendants Pifer and the Dasens.  Three months later, the state court granted the Dasens' motion to voluntarily dismiss the underlying State Action without prejudice.  At this point, it is uncertain whether the Dasens will re-file the lawsuit against Pifer.

In the present case, State Farm asks this Court to determine whether it has a duty to defend and/or indemnify Pifer in the underlying State Action if it is re-filed.  State Farm alleges that Pifer's insurance policy does not give rise to a duty to indemnify or defend Pifer in the State Action for three reasons.  First, State Farm claims that Pifer's insurance policy covers only those claims caused by an "occurrence" and that the Dasens' claims do not arise from an "occurrence."  Second, State Farm claims that Pifer's insurance policy covers only claims for bodily injury or property damage and that the Dasens do not seek recovery for bodily injuries.  Lastly, State Farm claims that Pifer's insurance policy covers only damages caused by accidents resulting from the ownership, maintenance, or use of the insured's car and that the Dasens' damages did not arise out of this type of accident.

## II.     Applicable Legal Standard

The Declaratory Judgment Act ("Act") provides that "any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking declaration . . ."  28 U.S.C. § 2201(a) (emphasis added).  The Supreme Court of the United States characterized the Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right

2

upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952). Courts may use broad discretion in exercising jurisdiction even when parties would otherwise meet jurisdictional requirements. *Id.* at 282; 28 U.S.C.A. § 2201(a); *Travelers Indem. Co. v. Bowling Green Prof'l Assoc.*, *PLC*, 495 F.3d 266, 271 (6th Cir. 2007). A district court may, "in the sound exercise of its discretion, [decide] to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Wilton*, 515 U.S. at 288.

Courts employ a balancing test set forth in *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) to determine whether a court should, in its discretion, exercise jurisdiction in a declaratory judgment action when there is a related state court action pending. *See Travelers*, 495 F.3d 266; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008). The five factors in the balancing test provided by the court in *Grand Trunk* are:

(1)  whether the declaratory action would settle the controversy;

(2)  whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3)  whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*";

(4)  whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5)  whether there is an alternative remedy which is better or more effective.

*Id. Scottsdale*, 513 F.3d at 554.

**III.  Analysis**

In a recent Sixth Circuit case that is factually and procedurally similar to the instant case, Travelers Indemnity Company ("Travelers") sought declaratory relief against its insured,

3

Bowling Green Professional Associates, PLP ("Bowling Green"), and its insured's alternative insurance carrier, Evanston Insurance Company ("Evanston"). *See Travelers*, 495 F.3d at 269. Travelers sought a judgment that it had no duty to indemnify or defend Bowling Green in an underlying state action in Kentucky in which Stephanie Caudill's estate alleged wrongful death claims against both Bowling Green and the estate of Bowling Green's patient, Jonas Wampler. The claim arose out of an automobile collision between Caudill and Wampler that occurred soon after Wampler received a methadone treatment at Bowling Green's clinic. Bowling Green demanded that both Travelers and Evanston defend and indemnify Bowling Green in the state action.

In the declaratory judgment action, the district court held that neither Travelers nor Evanston had a duty to indemnify or defend Bowling Green in the claims at issue in the underlying state action. *Travelers*, 495 F.3d at 269. On appeal, the Sixth Circuit Court of Appeals reviewed the district court's ruling for an abuse of discretion, vacated the order and judgment of the district court and remanded the case with an instruction to "dismiss for lack of jurisdiction." *Id.* at 274.

In reaching its decision in *Travelers*, the court of appeals considered the five factors enumerated in *Grand Trunk*. *Id.* at 271. The court held that all of the Grant Trunk factors except the third—which it found was neutral— weighed against the district court's exercising jurisdiction. It reasoned that, with respect to the first and second factors, a declaratory judgment would not settle the dispute or clarify the legal relations between the parties in the underlying state action. Further, it found that the declaratory judgment action involved state insurance and negligence law and that the states were in a better position to apply and interpret their own laws on these issues. *Id*. at 272-73. The court noted that "states regulate insurance companies for the

4

protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Id.* at 273 (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir.1990) (overruled on other grounds).  Finally, as to the fifth *Grand Trunk* factor, the court reasoned that the insurer had an alternative remedy under state law. *Travelers*, 495 F.3d at 273.

**Factor 1:       Whether the declaratory action would settle the controversy.**

There are two lines of precedent in the Sixth Circuit on the issue of whether the declaratory action must resolve the controversy in both the underlying state action and in the declaratory judgment action, or whether it must only resolve the controversy in the declaratory judgment action in order to satisfy the first *Grand Trunk* factor.  *Scottsdale*, 513 F.3d at 555.  One set of cases requires that the declaratory judgment settle only the controversy in the declaratory judgment action.  *State Farm Fire & Cas. Co. v. Odom,* 799 F.2d 247, 250 (6th Cir. 1986); *Allstate Ins. Co. v. Green,* 825 F.2d 1061, 1066 (6th Cir. 1987) (holding that "[t]he grant of declaratory relief in insurance coverage cases undoubtedly settles the controversy over the insurer's liability . . . thus clarifying the legal relations in issue.")  In the second set of cases, courts have refused to exercise jurisdiction where the declaratory judgment would not also settle the controversy in the underlying state action.  *Travelers*, 495 F.3d at 272; *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 814 (6th Cir. 2004).

In *Scottsdale*, a recent case on this issue in the Sixth Circuit, the court suggested two reasons for the split in the Sixth Circuit cases.  *Scottsdale,* 513 F.3d at 555.  The first reason was "the competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible." *Id.*  The second reason suggested by the court was the difference in relevant facts and issues in each case including: (1)

5

whether the dispute rests on fact-based questions of state law, (2) whether the issues to be resolved in the declaratory judgment action were also before the state court in the underlying state action, (3) whether the plaintiff in the declaratory judgment action was a party to the state action, and (4) whether the plaintiff in the state action was a party to the declaratory judgment action. *Id.* at 556.

Several arguments support the conclusion that this Court should follow the line of precedent that requires that the declaratory judgment resolve the controversy in the state action. First, the competing policies provided by the court in *Scottsdale* weigh in favor of requiring the judgment to resolve the controversy in the state court. There is no need to determine State Farm's legal obligation as quickly as possible because the Dasens dismissed the State Action and it is uncertain whether they will re-file. Additionally, consolidating litigation into one court would be efficient in this case because both the disputes in the declaratory judgment action and in the State Action rest on several of the same factual determinations. Second, the relevant facts and issues suggested by the court in *Scottsdale* weigh in favor of requiring the judgment to resolve the controversy in the state court. The present dispute rests on fact-based questions of state law including whether the Dasens suffered bodily injuries, whether the incident at issue was an "occurrence" for purposes of Pifer's insurance policy and whether the incident arose out of the ownership, maintenance or use of a vehicle. Together, these policies and relevant facts and issues suggest that the controversy in the state court must be resolved to satisfy the first *Grand Trunk* factor.

*Travelers* is factually and procedurally similar to the present case. In both cases, the insurance companies filed declaratory judgment actions while the underlying state tort actions

6

were pending[1].  In *Travelers*, the district court applied Kentucky *state* law to resolve the insurance coverage dispute while this Court would have to apply Ohio *state* law to resolve the insurance coverage dispute.  In both cases, the insurance coverage disputes rest on fact-based questions of state law.  Here, as in *Travelers,* a declaratory judgment would not resolve the controversy in the underlying State Action.  In the instant case, a declaratory judgment relating to insurance coverage does nothing to resolve the issue of whether Pifer is liable for negligent supervision because insurance coverage is irrelevant to the merits of a claim for negligent supervision.  Therefore, the first *Grand Trunk* factor weighs against exercising jurisdiction.

In its brief, State Farm suggests several reasons why the first *Grand Trunk* factor weighs in favor of exercising jurisdiction.  First, State Farm reviewed the Tenth Circuit Court of Appeals decision in *State Farm Fire & Cas. Co. v. Mhoon*, 31 F. 3d 979, 984 (10th Cir. 1994).  There, the court noted that there was "substantial interest" in deciding the issue of insurance coverage without "undue delay."  *Id.* at 984.  However, the present case is lacking a "substantial interest" to decide the issue of coverage immediately because the State Action has not been re-filed.  Second, while State Farm correctly noted that insurance coverage issues are not reserved for state courts and that federal courts are just as capable of handling state law issues as are state courts, this Court has discretion in exercising its diversity jurisdiction, even if exercise of jurisdiction would be proper.  State courts are in a better position to resolve insurance coverage disputes because contracts are governed solely by state law.  This is borne out by an examination of State Farm's final argument on this point, namely that this Court, as the finder of fact, can readily determine the extent of insurance coverage in this case.  While this may be true, this Court would have to review all of the relevant facts in the underlying State Action to make that

---

[1] In the instant case, State Farm filed the present declaratory judgment action while the State Action was pending. However, the State Action was subsequently dismissed without prejudice.

7

determination.  The state court is familiar with the facts and is in a better position to make these factual determinations.  Accordingly, the first *Grand Trunk* factor weighs against exercising jurisdiction.

**Factor 2:      Whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue.**

Factors one and two are closely related and often analyzed together.  *Scottsdale,* 513 F.3d at 556.  If a declaratory judgment will settle the controversy for the first factor, it follows that the legal relations are typically clarified for the second factor.  *Id.* at 557.  Similarly to factor one, Sixth Circuit precedent is split on the issue of whether the declaratory judgment must clarify the legal relations between only those parties in the declaratory judgment action or whether it must also clarify the legal relations between parties in the underlying state action. *Id.* at 557.

In the present case, the second *Grand Trunk* factor weighs against exercising jurisdiction.  For the reasons provided above in analyzing the first factor, this Court should require that the declaratory judgment clarify the legal relations between the parties in the state action.  A declaratory judgment relating to insurance coverage would do nothing to resolve the issue of whether Pifer is liable for the children's injuries.  Therefore, a declaratory judgment would do nothing to clarify the legal relations between the Dasens and Pifer in the State Action. Accordingly, the second factor weighs against exercising jurisdiction.

**Factor 3:      Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*."**

The purpose of the third *Grand Trunk* factor is to deny jurisdiction where there is evidence that a plaintiff filed shortly before the "natural plaintiff" in order to obtain a more favorable forum.  *Scottsdale*, 513 F.3d at 558 (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)).  This Circuit has generally given the plaintiff in the declaratory judgment action

the benefit of the doubt that the plaintiff did not file with an improper motive. *Bituminous,* 373 F.3d at 814.

In the present case, the third *Grand Trunk* factor does not appear to weigh either for or against exercising jurisdiction. Without evidence to support a contrary finding, this Court presumes that State Farm did not have in improper motive when it filed the present action.

**Factor 4:** **Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction.**

Courts have considered three sub-factors when analyzing the fourth *Grand Trunk* factor. *Bituminous*, 373 F.3d at 814-15 (quoting *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)). These sub-factors are:

(1) whether the underlying factual issues are important to an informed resolution of the case;

(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Roumph*, 211 F.3d at 968.

In the instant case, all three sub-factors of the fourth *Grand Trunk* factor weigh heavily against exercising jurisdiction. First, underlying factual issues are important to an informed resolution of the present case. As previously mentioned, these factual issues include whether the Dasens suffered bodily injuries, whether the incident at issue was an "occurrence" for purposes of Pifer's insurance policy and whether the incident arose out of the ownership, maintenance or use of a vehicle. Second, the state court is in a better position to evaluate these factual determinations. The state court is familiar with the underlying facts and is in a better position than federal courts to apply state laws to insurance contracts. *See Travelers*, 495 F.3d at 272.

Third, there is a close nexus between underlying factual and legal issues and state law and/or public policy. The issue in dispute in the present action involves insurance coverage. As mentioned above, "states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Id.* at 273 (quoting *Mercier*, 913 F.2d at 279). In the present case, the state court may have a special interest in determining the scope of insurance coverage.

State Farm argues, in its brief, that the dismissal of the State Action eliminates any potential for friction between state and federal courts or encroachment upon state jurisdiction. However, a district court's findings of certain facts would preclude the Dasens from having a state court determine relevant facts if the State Action were re-filed. Additionally, there is still a potential for friction even if the State Action is not re-filed because there is a strong policy weighing in favor of allowing state courts to determine the scope of insurance coverage provided to an insured. *See Id.*

**Factor 5:** **Whether there is an alternative remedy which is better or more effective.**

The fifth *Grand Trunk* factor weighs against exercising jurisdiction where an alternative remedy is in some way better or more effective. *Grand Trunk,* 746 F.2d at 326. Alternative remedies for insurers include, among others, filing a declaratory action in state court. *Scottsdale,* 513 F.3d at 562.

In the present case, the fifth factor weighs against exercising jurisdiction. State Farm has several options available. First, State Farm can file a declaratory judgment action in state court. From the state court's perspective, this is clearly preferable because the state court has a special interest in determining the scope of insurance coverage. Second, State Farm can seek indemnity from Pifer following the State Action. Lastly, State Farm can do nothing. This option, as well as

the second option, would benefit State Farm if the State Action is not re-filed. It would save State Farm from incurring unnecessary litigation costs.

**IV.     Conclusion**

In the instant case, four *Grand Trunk* factors weigh against exercising jurisdiction and none weigh in favor of exercising jurisdiction. The strongest argument against exercising jurisdiction is that a declaratory judgment would increase the friction between our federal and state courts and improperly encroach on state jurisdiction. States have a special interest in regulating insurance companies and therefore have a special interest in resolving insurance coverage disputes when the insured is a citizen of that particular state. *Travelers*, 495 F.3d at 273 (quoting *Mercier*, 913 F.2d at 279). Additionally, a declaratory judgment would not resolve the controversy or clarify the legal relations in the State Action and State Farm has several other remedies available. For the reasons set forth herein, the Court declines to exercise jurisdiction and DISMISSES the Complaint in its entirety.

IT IS SO ORDERED.

DATED:  October 29, 2008        */s/ John R. Adams*
                                Judge John R. Adams
                                UNITED STATES DISTRICT COURT